UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GLENN'S BUILDING SERVICES, INC.,**<br><br>**Defendant.** | **Civil Action No. 14-1942 (JDB)** |

## MEMORANDUM OPINION

Plaintiffs, the SEIU National Industry Pension Fund and several of its trustees, brought this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 2001 et seq., to recover withdrawal liability allegedly incurred by defendant, Glenn's Building Services, when it ceased operations in early 2014. Glenn's has failed to appear in this litigation and, after two prior motions for default judgment, the Fund has successfully established Glenn's liability. See Apr. 13, 2016, Mem. Op. & Order [ECF No. 15]. Now, the Fund has filed a third motion for default judgment that aims to establish the proper amount of damages. See 3d Mot. for Default J. [ECF No. 16]. The Court will grant the Fund's motion and enter default judgment in its favor for the requested amount.

## DISCUSSION

Federal Rule of Civil Procedure 55(a) provides that the clerk of court must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." A court may then enter a default judgment pursuant to Rule 55(b). "The determination of whether default judgment is

1

appropriate is committed to the discretion of the trial court." Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980)). Entry of default does not establish liability for the amount of damages that the plaintiff claims. Boland v. Elite Terrazzo Flooring, Inc., 763 F. Supp. 2d 64, 67 (D.D.C. 2011). Unless the proper amount of damages is certain, the Court must make an independent assessment of the sum to be awarded. Int'l Painters, 531 F. Supp. 2d at 57. In making that assessment, the Court may rely on "detailed affidavits or documentary evidence." Boland v. Alan W. Smith, Inc., No. 11-65 (JEB), 2012 WL 892911, at *1 (D.D.C. Mar. 15, 2012).

The Fund asserts that it is entitled to $209,003.86 of withdrawal liability, interest and liquidated damages calculated according to the methods outlined in the Fund's Pension Plan documents, and $8,568.50 in attorneys' fees and costs. See 3d Mot. for Default J. at 1, 6–8. The Court agrees. Each component of the Fund's request is rooted in ERISA and in the provisions of the Fund's Pension Plan. See Boland v. Alan W. Smith, Inc., 2012 WL 892911, at *1 (citing 29 U.S.C. §§ 1132(g)(2), 1145, 1451(b)); Ex. C to Decl. of Kenneth J. Anderson, Jr. [ECF No. 16-1] ("SEIU Pension Plan") § 10.05(d), (e). And the Fund's specific calculations are supported by evidence in the record. A declaration by the Fund's Contribution Compliance Manager explains how the Fund calculated the amount of Glenn's withdrawal liability. See Decl. of Kenneth J. Anderson, Jr. [ECF No. 16-1] ¶¶ 13–17, 21. A declaration by its counsel establishes the proper amount of attorneys' fees and costs. See Decl. of Lauren P. McDermott [ECF No. 16-2]. Based on these "detailed affidavits [and] documentary evidence," the Court concludes that the Fund is entitled to the amount of damages that it seeks. The Court will therefore grant the Fund's motion for default judgment. A separate Order has issued on this date.

2

/s/
JOHN D. BATES
United States District Judge

Dated: August 3, 2016

3